UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| JASON M. HOVIS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 2:18CV40 HEA |
| CHANTAY GODERT, | ) |  |
| Respondent. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Jason M. Hovis' "Writ of Certiorari." (Docket No. 1). The Court has construed this document as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's petition is successive and shall be summarily dismissed.

## **Background**

On April 15, 2013, petitioner pled guilty to two counts of first-degree statutory sodomy. *State of Missouri v. Hovis*, No. 12JE-CR02316-01 (23rd Judicial Circuit, Jefferson County)[1]. That same day, petitioner was sentenced to ten years imprisonment on both counts, with the sentences to run concurrently. Petitioner did not appeal his conviction, nor did he file a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035.

On October 10, 2015, petitioner filed his first petition for writ of habeas corpus in the United Stated District Court for the Western District of Missouri. The case was transferred to the Eastern District of Missouri on November 2, 2015. *See Hovis v. Spackler*, 4:15-cv-01647-NAB (E.D. Mo. 2015). Petitioner alleged that he had been wrongfully charged and prosecuted, because

---

[1] *State of Missouri v. Hovis*, No. 12JE-CR02316-01 (23rd Judicial Circuit, Jefferson County) was retrieved from Case.net, http://www.courts.mo.gov/, which is the automated case management system for Missouri state courts.

medical evidence contradicted his charges. He also claimed ineffective assistance of counsel and prosecutorial misconduct. On January 27, 2016, the district court denied the petition and dismissed the action as barred by the statute of limitations. Petitioner did not appeal.

On October 30, 2017, petitioner filed a second petition for writ of habeas corpus. *See Hovis v. Godert*, 2:17-cv-00077-HEA (E.D. Mo. 2017). Petitioner alleged ineffective assistance of counsel, the withholding of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), malicious prosecution, and the violation of his right to due process. As with his first petition, the allegations arose from petitioner's contention that medical evidence regarding the victim showed that he could not be guilty of the crime of sodomy. The district court dismissed the petition as successive on November 3, 2017. The district court also declined to issue a certificate of appealability. Petitioner did not appeal.

Petitioner filed the instant action on June 7, 2018. He has styled his filing a "Writ of Certiorari," and seeks a hearing "that will lead to overturning his conviction." (Docket No. 1 at 1). As with his previous two petitions, the basis of petitioner's claim is a medical examination of his victim that he states will exculpate him from the charges to which he pled guilty. Petitioner further asserts that he has not been able to get any court to review his issues and render a ruling on the merits. (Docket No. 1 at 2). He also states that his previous petitions were denied for procedural, rather than substantive reasons. He asks the Court to review the evidence and "order an injunction…that the crime as charged could not have taken place in light of medical evidence." (Docket No. 1 at 7).

Despite titling his action as a "Writ of Certiorari," petitioner is essentially attempting to refile his original petition for writ of habeas corpus, which was dismissed as time-barred. Petitioner seeks to have his conviction overturned and alleges that he is in custody in violation of

his constitutional rights. This type of relief is properly sought pursuant to 28 U.S.C. § 2254. Accordingly, the Court will construe petitioner's filing as a petition for writ of habeas corpus.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. As noted above, petitioner's initial petition for writ of habeas corpus was dismissed as untimely. His second petition for writ of habeas corpus, asserting the same claims, was dismissed as successive. Petitioner seeks to bring his claims before the Court for the third time. However, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (stating that dismissal of petitioner's "first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive"); and *Quezada v. Smith*, 624 F.3d 514, 519-20 (2nd Cir. 2010) (stating that "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"). Accordingly, the motion currently before the Court is successive.

To the extent petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims before this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition. As such, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus (Docket No. 1) is **DENIED and DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of October, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE